UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SHANE RAMSUNDAR, et al.,

       Petitioners,

       v.

20-CV-402
ORDER

CHAD WOLF, Acting Secretary, U.S.
Department of Homeland Security, et al.,

       Respondents.

On April 3, 2020, the petitioners, four civil immigration detainees held in the custody of the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") at the Buffalo Federal Detention Facility in Batavia, New York ("BFDF"), filed an "Emergency Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Injunctive Relief." Docket Item 1. On April 6, 2020, the petitioners filed a motion for a temporary restraining order ("TRO"). *See* Docket Item 2. The petitioners allege that their continued civil detention in the wake of the COVID-19 pandemic violates their substantive rights under the Due Process Clause of the Fifth Amendment to the United States Constitution, and they seek their immediate release from ICE custody. Docket Item 1 at 20. Each petitioner is "either over the age of fifty and/or [has] a serious underlying medical condition, making [him or her] more vulnerable to complications arising from COVID-19." *Id.* at 4.

On April 6, 2020, this Court ordered the respondents to "show cause . . . why the Due Process violations identified this Court's prior decision and order in *Jones v. Wolf*, No. 20-CV-361, 20 WL 1643857 (W.D.N.Y. Apr. 2, 2020), do not extend to the

petitioners in this action." *See* Docket Item 4 at 2. In *Jones*, this Court found that holding vulnerable individuals, as defined by the Centers for Disease Control and Prevention ("CDC"), in the then-current conditions at BFDF during the COVID-19 epidemic violated those individuals' substantive Due Process rights to reasonably safe conditions of confinement. *See Jones*, 20 WL 1643857, at *14-27. But because the Court was "not convinced" that release was the appropriate remedy, at least at that juncture, *id.* at *30-31, the Court ordered the respondents—the same respondents in this matter—to provide all vulnerable individuals with a living situation that facilitates "social distancing," *id.* at *31-32.

On April 7, 2020, Captain Abelardo Montalvo, M.D., informed the Court that he had identified three of the petitioners in this matter as meeting the CDC's definition of vulnerable individuals. Docket Item 6-2 at 8. That same day, respondent Jeffrey Searls, Officer in Charge of BFDF, attested that of those three petitioners, one, Shane Ramsundar, had been provided with his own cell. Docket Item 6-3 at 3-4. The remaining two vulnerable petitioners, Gomatee Ramsundar and Cedeno-Larios, had been placed in dormitory units that were "at half capacity" and had been given their "own bunk[s]." *Id.* "[T]o the fullest extent possible," adjoining beds would be left vacant. *Id.* at 6. During oral argument on April 8. 2020, counsel for the respondents explained that petitioners Gomatee Ramsundar and Cedeno-Larios could not be placed in their own cells because BFDF does not have individual cells for female detainees. Captain Montalvo also represented that the following additional steps related to personal protective equipment ("PPE") are being taken at BFDF "to help combat the introduction, and limit the spread, of COVID-19":

> . . . [c]arrying of masks for detainee use and staff use during transports or pick-ups; . . . [d]etainees who are moved out of the . . . quarantine unit[s] for any type emergency will be required to wear N-95 mask and gloves; . . . [i]ncreased stock of PPE and cleaning supplies; . . . [f]it testing of PPE masks for custody staff and removal of facial hair that may interfere with tight seal of mask to face; . . . [u]se of surgical masks for detainee use to reduce exposure; . . . [and w]eekly counting of PPE to monitor supplies.

Docket Item 6-2 at 6-7.

During the oral argument on April 8, 2020, the Court noted that housing vulnerable individuals in a dormitory-style setting constitutes a Due Process violation akin to that identified in *Jones*. It therefore ordered the respondents to remedy the ongoing constitutional violations with respect to petitioners Gomatee Ramsundar and Cedeno-Larios.

The Court also questioned the respondents' counsel as to whether the respondents are complying with recent CDC guidance advising all Americans to "wear[ ] cloth face coverings in public settings where other social distancing measures are difficult to maintain (e.g., grocery stores and pharmacies) **especially** in areas of significant community-based transmission." *See Recommendations for Cloth Face Covers*, CDC (Apr. 3, 2020) (alteration in original), https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/cloth-face-cover.html. Respondents' counsel represented that masks are available to the petitioners and that he understood that staff are wearing PPE, but petitioners' counsel disputed that staff are wearing masks.

# **ORDER**

In light of the above, IT IS HEREBY

ORDERED that the petitioners' motion for a temporary restraining order, Docket Item 2, is granted in part and denied in part, consistent with this Court's order in *Jones*; and it is further

ORDERED that **on or before April 9, 2020, at 9:00 a.m.**, the petitioners shall file and serve an affidavit from Captain Montalvo or another qualified individual (1) detailing the types and quantities of PPE available to the vulnerable petitioners, and (2) detailing the types of PPE available to staff who interact with the vulnerable petitioners; and it is further

ORDERED that **on or before April 9, 2020, at 9:00 a.m.**, the petitioners shall either (a) file and serve an affidavit from respondent Searls or another qualified individual confirming that petitioners Gomatee Ramsundar and Cedeno-Larios have been placed in individual cells and that all vulnerable petitioners have been allowed to practice the "social distancing" measures identified in Captain Montalvo's April 7, 2020 affidavit; or (b) show cause why this Court should not order the petitioners to immediately release petitioners Gomatee Ramsundar and Cedeno-Larios or otherwise takes steps that would facilitate such actions; and it is further

ORDERED that **on or before April 9, 2020, at 9:00 a.m.**, the petitioners also may file and serve additional affidavits supporting their claims that BFDF is unable to comply with this Court's orders in this matter and in *Jones*; and it is further

ORDERED that the parties shall appear by telephone for **argument on April 9, 2020, at 10:00 a.m.**

SO ORDERED.

Dated: April 8, 2020
        Buffalo, New York

                                         */s/ Lawrence J. Vilardo*
                                         LAWRENCE J. VILARDO
                                         UNITED STATES DISTRICT JUDGE